In re Robert Wayne SPROUSE, Debtor.

Don and Kathy Laughlin, Plaintiff,

v.

Robert Wayne Sprouse, Individually and d/b/a Rebel Log Homes, Defendant.

Bankruptcy No. 05–15037–DWH.
Adversary No. 05–1263–DWH.

United States Bankruptcy Court, N.D. Mississippi.

July 17, 2008.

Justin R. Giles, III, Memphis, TN, for Plaintiffs.

Robert Wayne Sprouse, pro se.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a Rule 37 (Federal Rules of Civil Procedure) motion for sanctions, for default judgment, and for attorney fees filed by the plaintiffs, Don and Kathy Laughlin, ("Laughlins"); no response having been filed to said motion by the defendant/debtor, Robert Wayne Sprouse, ("Sprouse"); and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (I), and (O).

### II.

On March 3, 2004, the Laughlins entered into an agreement with Sprouse for the construction of a log home located at the Laughlins' farm in Hardeman County, Tennessee. Architectural drawings and specifications, prepared by McFarland Associates, were included as a part of the agreement. Sprouse agreed to construct the log home as required by the contract documents, as well as, in accordance with the Southern Building Code and all applicable municipal building codes. Prior to the execution of the agreement, Sprouse represented himself to be a licensed contractor as defined by Tennessee Code Annotated § 62–6–102(3)(A).

After the work commenced, the Laughlins tendered a $90,000.00 payment to

Sprouse. Subsequently, they discovered that Sprouse had failed to properly construct the block wall foundation in accordance with the architectural drawings.

On August 2, 2004, Kathy Laughlin met with Sprouse to discuss numerous problems with the construction work, including the aforementioned foundation work, the unauthorized change of log suppliers, incorrectly notched logs, the acquisition of green logs that could not be used in the project, and Sprouse's failure to secure several subcontractors. Jack McFarland, with McFarland Associates, also explained to Sprouse the numerous construction defects that required remedial attention. Sprouse repeatedly assured the Laughlins that he would correct the defective work, but failed to do so. On August 12, 2004, the agreement was terminated because of Sprouse's continued failure to comply with the plans and specifications.

The Laughlins filed suit against Sprouse in the Chancery Court of Hardeman County, Tennessee, and obtained a default judgment against him in the total sum of $276,950.00. (This amount perhaps should have been only $271,950.00, which was the amount demanded in the plaintiffs' complaint filed in the Chancery Court.) In this judgment were treble damages which were based on allegations of fraud and violations of the Tennessee Consumer Protection Act. The court specifically found that Sprouse's actions constituted unfair and deceptive practices.

Sprouse filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Mississippi on July 25, 2005. The Laughlins filed the subject adversary complaint asserting that their judgment debt was excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

A scheduling order was entered on January 4, 2006, providing that all discovery would be completed by March 28, 2006. The Laughlins propounded their first request for production of documents and first set of interrogatories on February 27, 2006. Sprouse filed a late and incomplete response to the discovery requests on April 22, 2006. A motion to compel was filed to require Sprouse to fully comply with the earlier incomplete responses and to require him to provide alternative dates when he could be available for a deposition. After the motion to compel was filed, the parties agreed to a deposition date. An agreed order was then entered holding the Laughlins' motion to compel in abeyance.

Sprouse's deposition was taken on October 30, 2006. On that occasion, Sprouse made reference to several documents that were in his possession, but which were not provided to the Laughlins in Sprouse's responses to the initial discovery requests. After the deposition, Sprouse's attorney was permitted to withdraw. Sprouse never produced the missing documents.

A renewed hearing was conducted on the Laughlins' motion to compel on October 25, 2007. The motion to compel was sustained and an order was entered which required Sprouse to respond to the discovery requests by November 30, 2007. Sprouse appeared at the hearing and advised the court that he would comply.

An order was entered by this court on March 11, 2008, which required the Laughlins and Sprouse to submit a report regarding the current status of this proceeding. A timely report was submitted by the Laughlins and a copy was submitted to Sprouse. Sprouse was notified by the Laughlins that unless he provided the documents required in the order to produce that a motion for default would be filed. Sprouse again failed to provide the documents in continuing violation of the court's

order. Consequently, the Laughlins filed this Rule 37 motion for sanctions, for default judgment, and for attorney fees.

### III.

■ Rules 37 and 55 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7037 and 7055, allow a party to move for a default judgment in certain circumstances. A default judgment under Rule 37 is an allowable sanction for a party's failure to comply with the discovery rules.

Rule 37(b)(2) provides in pertinent part as follows:

If a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; ...

Fed. Rules of Civ. Proc. 37(b)(2)(A)

■ Considering the circumstances present in this proceeding, the court has discretion to award sanctions. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The court also has the authority to render a default judgment against a party as a sanction for failing to comply with a discovery order. *See, U.S. v. $49,000.00 Currency*, 330 F.3d 371, 376 (5th Cir.2003). Obviously, Sprouse has disobeyed and continues to disobey the order sustaining the motion to compel production.

■ *$49,000.00 Currency* sets out the criteria that must be met when a court awards a default judgment as a sanction, to-wit:

(1) The discovery violation by the penalized party must be willful; and

(2) A lesser sanction would not achieve the desired deterrent effect.

*Id.*

■ Sprouse's actions were indeed willful. The court specifically asked Sprouse at the hearing conducted on October 25, 2007, if he could produce the documents that were the subject of the motion to compel. Sprouse informed the court that he could and would provide the documents which he acknowledged were in his possession. He is simply refusing to obey the court's order without any justification or excuse. In addition, two years have passed since the discovery deadline expired, and Sprouse still refuses to answer the interrogatories that the Laughlins propounded. That there is no lesser sanction that would achieve the desired deterrent effect because Sprouse, throughout the history of his litigation, has ignored not only the court's order, but the federal discovery procedures as well.

*$49,000.00 Currency* indicated that, in deciding a motion for sanctions, a court could consider if the discovery violations prejudiced the opposing party's preparation for trial. *$49,000.00 Currency*, 330 F.3d at 376. Sprouse's failure to produce

the documents required by the order sustaining the motion to compel is extremely prejudicial to the Laughlins' preparation for trial. Proving fraud pursuant to § 523(a)(2)(A) of the Bankruptcy Code is, to say the least, always a challenge for any plaintiff. Without the disclosure of Sprouse's documents, the task for the Laughlins would obviously be more difficult.

■ Rule 55, Federal Rules of Civil Procedure, provides that if a plaintiff's claims are for a sum certain or a sum that can be made certain by computation, the clerk can enter a judgment upon the affidavit of the plaintiff as to the amount due.

The Laughlins have followed the procedural rules outlined in Rule 55 by filing: (1) an application to the clerk for entry of default; (2) the affidavit of Justin R. Giles, III, Esq.; (3) the subject Rule 37 motion for sanctions, for default judgment, and for attorney fees, as well as, (4) the proposed default judgment to be entered by the court. Rule 55(b)(1) states in pertinent part as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

The amount owed by Sprouse is not actually in controversy. In Schedule F, Sprouse listed the debt owed to the Laughlins as $271,950.00. Sprouse, by his own admission has acknowledged that this amount was owed which is approximately equivalent to the Tennessee judgment. The attorney fees and costs expended by the Laughlins, according to the affidavit of Justin R. Giles, III, is $26,386.05.

■ The default judgment rendered against Sprouse in the Chancery Court of Hardeman County, Tennessee, included treble damages which are permitted by the Tennessee Consumer Protection Act. The Laughlins' actual damages were approximately $90,000.00 which was the amount paid to Sprouse at the execution of the construction contract. The United States Supreme Court in *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) held that "... § 523(a)(2)(A) is best read to prohibit discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., including an award of treble damages for the fraud." *Cohen,* 118 S.Ct. at 1217. Therefore, according to *Cohen,* the entire treble damages judgment is non-dischargeable.

The court is of the opinion that Sprouse has contemptuously violated the order sustaining the motion to compel, as well as, the Federal Rules of Civil Procedure, all as set forth hereinabove. As sanctions for his conduct, the Laughlins shall be awarded a non-dischargeable default judgment in the amount of $271,950.00. They will also be awarded a non-dischargeable judgment for attorney fees and costs in the amount of $26,386.05. The court is basing its decision upon Sprouse's willful conduct, as well as, the fact that no other sanctions will achieve the appropriate deterrent effect.

A separate judgment will be entered contemporaneously herewith.